UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL BENBENEK,<br>    *Plaintiff*, | )<br>)<br>) |
| *vs.* | )  1:12-cv-00591-JMS-DML<br>) |
| FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY, TERRI PRYOR-YOUNG, FARM BUREAU INSURANCE COMPANY, AND RURAL INSURANCE AGENCY, INC.,<br>    *Defendants*. | )<br>)<br>)<br>)<br>)<br>) |

**ORDER TO SHOW CAUSE**

Plaintiff Michael Benbenek has alleged claims against Fidelity National Property and Casualty Insurance Company ("Fidelity") related to Fidelity's issuance of a Standard Flood Insurance Policy (the "Policy"), and its handling of claims under the Policy. [Dkt. 1 at 1, ¶ 1, 7-10, ¶¶ 44-67.] Mr. Benbenek has also asserted claims against Terri Pryor-Young, Farm Bureau Insurance Company ("Farm Bureau"), and Rural Insurance Agency, Inc. ("Rural") related to their procurement of the Policy on his behalf and his allegations that the Policy premiums increased significantly and did not insure against the correct risk. [*Id.* at 10-13, ¶¶ 68-99.] Mr. Benbenek alleges that his complaint "generally pertains to the National Flood Insurance Act of 1968…[and] is subject to federal jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 4072. The issues involving state claims are so related as to be subject to supplemental jurisdiction under 28 U.S.C. § 1367." [*Id.* at 1, ¶ 1.]

A federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009), and counsel has a professional obligation to analyze it, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Subject matter jurisdiction cannot be waived and "always comes ahead of the merits" of a case. *Leguizamo-*

*Medina v. Gonzales*, 493 F.3d 772, 774 (7th Cir. 2007). Regardless of the "waste of effort" that results from a case partially or fully litigated in the wrong court, "both the Supreme Court and [the Seventh Circuit Court of Appeals] have noted time and again that subject matter jurisdiction is a fundamental limitation on the power of a federal court to act." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 980 (7th Cir. 2000).

The Court agrees that it has subject-matter jurisdiction over claims against Fidelity related to Fidelity's handling of claims under the Policy. *See Downey v. State Farm Fire & Cas. Co.*, 266 F.3d 675, 680-81 (7th Cir. 2001). However, the issue of whether the Court has supplemental jurisdiction over any state law claims against Fidelity related to the procurement of the Policy in the first instance,[1] and over all of the state law claims against Ms. Young, Farm Bureau, and Rural, is not so clear – and is not an issue that the parties have specifically addressed thus far.

This Court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Here the parties have only asserted supplemental jurisdiction in a conclusory fashion, and without citation to any authority or analysis to support their conclusion that the admitted state law claims are part of the same case or controversy as the federal claim under Article III of the United States Constitution. Given the long time span and varied subject matter implicated in the various causes of action asserted here, the Court finds such a showing is in order.

---

[1] *See Coake v. State Farm Ins. Co.*, 2010 U.S. Dist. LEXIS 60914, *8 (N.D. Ind. 2010) (court had federal question jurisdiction over claims against insurer related to payment under flood insurance policy and unfair claims handling, but only supplemental jurisdiction over state law claims against insurer and agent for negligent failure to procure adequate coverage).

If the parties believe that the Court may exercise supplemental jurisdiction over Mr. Benbenek's state law claims,[2] they are **ORDERED** to **SHOW CAUSE** by **June 26, 2013** why that is the case, citing relevant authority as to how each claim forms part of the same case or controversy as the federal claim under Article III of the United States Constitution. The parties may either file a joint statement or competing statements by that date.

06/12/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

James H. Austen
STARR AUSTEN MYERS & MILLER, LLP
austen@starrausten.com

John F. Donaldson
MERCHO LEGAL SERVICES, LLC
jdonaldson@mercholegal.com

Katherine L. Shelby
BINGHAM GREENEBAUM DOLL LLP
kshelby@bgdlegal.com

Shannon G. Starr
STARR AUSTEN & MILLER, LLP
shannon@starrausten.com

Jason M. Verdigets
NIELSEN LAW FIRM, L.L.C.
jverdigets@nct-law.com

---

[2] The Court assumes that diversity jurisdiction does not exist over the state law claims against Defendants, or else Mr. Benbenek would have invoked that jurisdictional basis. If diversity jurisdiction does exist, however, the parties should set forth the reasons why in their response to this Order – specifically addressing whether the matter is between citizens of different states and whether the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.